

**IT IS ORDERED as set forth below:**

**Date: June 22, 2026**

_____
**James R. Sacca**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| In re:<br><br>**WAIKOLOA VILLAGE LOFTS WEST, LLC,**<br><br>        **Debtor.** | **CASE NO. 26-20761-JRS**<br><br>**CHAPTER 11**<br><br>**WAIPAHU PROPERTIES, LLC**<br>**WAIPAHU, LLC**<br>**WILLOW PLAZA, LLC**<br><br>**JOINTLY ADMINISTERED**[1] |

**STIPULATED PROTECTIVE ORDER**

To protect the confidentiality of confidential information obtained by the parties in connection

with the above-captioned jointly administered bankruptcy cases (collectively, the **"Cases"**), Debtors

---

[1] Non-operating Debtors are 5425 PAU A LAKA, LLC, FLETCHER K, LLC, GARY L. PINKSTON, HAWAII REAL ESTATE DEVELOPMENT, LLC, KUKUIULA VISTAS, LLC, MP ELK GROVE, LLC, MP ELKO II, LLC, MP KAUAI HH DEVELOPMENT FUND, LLC, MP KAUAI QOZ FUND, LLC, MP MODESTO, LLC, TC CLOVIS, LLC, THE GARY & JANICE PINKSTON FAMILY TRUST, WAIKOLOA VILLAGE HOTEL CWS, LLC, WAIKOLOA VILLAGE HOTEL HIE, LLC, and WAIKOLOA VILLAGE LOFTS SOUTH, LLC.

MP Elk Grove, LLC, MP Elko II, LLC, and 5425 Pau A Laka, LLC  (collectively, "**Debtors**"), American Savings Bank, National Association ("**ASB**"), SWCPT HI KAUANOE LLC ("**SWCPT**") Meridian Pacific Holdings, LLC, Hydra BV LLC, and Python Financial Solutions, Inc. (collectively, the "**Meridian Parties**"), and any other persons or entities who become bound by this Order by signifying their assent through execution hereof and (individually, a "**Party**"[2] and collectively together with the Debtors, ASB, and SWCPT, the "**Parties**").  The parties, by and through their respective attorneys of record, and subject to Court approval, have agreed to entry of this Order pursuant to 11 U.S.C. 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and with respect to any existing or future examination, contested matter or adversary proceeding, pursuant to Bankruptcy Rules 2004, 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the  "**Federal Rules**") and hereby agree as follows:

### Recitals

WHEREAS, the Meridian Parties have sought or may seek certain Discovery Material (as defined below) from each of the other parties with respect to the Debtors' Motion For Order (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing; (II) Granting Adequate Protection; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief (the "**DIP Financing Motion**,"), [Doc. 62] including through informal or formal requests (the "**Discovery Requests**") as provided by the Federal Rules, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Georgia (the "BLR"); and

NOW, THEREFORE, to facilitate and expedite the production, exchange and treatment of Discovery Material (as defined below) and to protect Discovery Material that a party seeks to

---

[2] The designation of a "party" is for purposes of reference in this Order only.

maintain as confidential, it is hereby stipulated and agreed, and, upon Court approval, it is hereby

ORDERED that the following terms will govern any requests for and production of Discovery

Material (as defined below):

## ORDER

1.      This Order applies to all information, documents and things produced or
disclosed by a Party (each a "**Producing Party**") to any other Party (each a "**Receiving Party**"),
formally or informally, either prior to or after the filing of a judicial proceeding, in response to or
in connection with any Discovery Requests, including, without limitation, deposition testimony
(whether based upon oral examination or written questions), interrogatories, answers to
interrogatories, requests for admission, responses to requests for admission, documents,
information and things produced, as well as any and all copies, abstracts, digests, notes,
summaries, and excerpts thereof (collectively referred to as "Discovery Material").

2.      This Order does not affect, amend or modify any existing confidentiality
agreements, intercreditor agreements, committee by-laws, or protective orders or similar
agreements applicable to any Producing Party and/or Receiving Party, and nothing in this Order
shall constitute a waiver of any rights under such agreements or orders. However, for the avoidance
of doubt, the service of discovery under the Federal Rules of Civil Procedure or Federal Rules of
Bankruptcy Procedure shall constitute a process of law, and the fact that there is a preexisting
confidentiality provision in an agreement shall not nullify obligations in responding to such
discovery served under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy
Procedure.

3.      For the avoidance of doubt, nothing in this Order, including the fact that a party is a Party to this Order, entitles or is intended to entitle any Party or non-Party to any Discovery Material for any purpose.

4.      Any party or non-party may designate as "**Confidential**" (any such designated Discovery Material, "**Designated Material**") in accordance with the following provisions:

(a)      Confidential Material: A Producing Party may designate Discovery Material as "Confidential" if: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal or other information of a nature that can be protected under the Bankruptcy Rules or the Federal Rules or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) the Producing Party (A) is under a preexisting obligation to a third-party to treat such Discovery Material as confidential or (B) has been requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non-Party considers such Discovery Material to contain information that is confidential or proprietary to such party or non-party.

(b)      Undesignated Material: Subject to the rights and obligations of the parties set forth below, no party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material ("**Undesignated Material**").

5.      Manner of Designating Discovery Material:  Where reasonably practicable, any Designated Material other than oral deposition testimony shall be designated by the Producing Party as such by explicitly stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to protection under the

Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, Hawai`i law, or other applicable law ("**Confidential Information**"). Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated. Any nonpublic personal information about a "Consumer" as defined under the Gramm-Leach-Bliley Act shall be deemed "Confidential". Such markings should not obliterate or obscure the content of the material that is produced. Native file documents may be designated as "Confidential"" by including such terms (or similar terms) in the file name thereof or on a slip sheet included in the production.

6.      A party or non-party may designate information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential" information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described herein.  After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described herein, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

7.      Late Designation of Discovery Material: The failure to designate particular Discovery Material as "Confidential" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Designated Material or later apply another

designation pursuant to this Order ("**Redesignated Material**"). At such time, arrangement will be made for the return or destruction of the Redesignated Material or for the return to the Producing Party of all copies of the Redesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Redesignated Material with the proper designation, the Receiving Party or Parties shall take all commercially reasonable steps to return or destroy all previously produced copies of such Redesignated Material. If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Redesignated Material. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party claiming the designation.

8.      All information produced or exchanged in the course of relating to the DIP Financing Motion (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purposes of these Cases and any proceedings arising in connection therewith:

9.      Except with the prior written consent of all other parties, or upon prior order of this Court obtained upon notice to all other parties, Confidential Information shall not be disclosed to any person other than:

(a)      counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b)      employees of such counsel;

(c)      individual parties and any officer or employee of a party, to the extent reasonably deemed necessary by counsel for the prosecution or defense of the Cases;

(d)      employees and agents of any insurance business that has entered into an insurance agreement subject to disclosure under Federal Rule of Civil Procedure 26(a)(1)(A)(iv);

(e)      consultants or expert witnesses retained for the prosecution or defense of this Case, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the Cases only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

(f)      any authors or recipients of the Confidential Information;

(g)      the Court, Court personnel, and court reporters; and

(h)      witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information designated as "Confidential" pursuant to paragraph 2 above will be disclosed to the witness during the deposition. Witnesses shown Confidential Information shall not be allowed to retain copies.

-7-

10.    No party receiving documents or information from the Debtor, Meridian Parties, ASB, and/or SWCPT, may use any artificial intelligence involving the documents or information so provided. This includes uploading any document obtained from the Debtor, ASB or SWCPT or using any information provided by the Debtor, ASB or SWCPT in any artificial intelligence. This restriction shall not apply to the use of enterprise artificial intelligence tools specifically designed for legal research, document review, litigation support, drafting, or data analysis, provided that such tools operate within a private environment and do not use user-submitted information to train publicly available models.

11.    Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

12.    No party or non-party shall file or submit for filing as part of the court record any Confidential documents except under seal pursuant to BLR 5005-6(b)(5) and BLR 5005-7(d).  In advance of filing any motion or public filing which will include any document designated as Confidential, the filing party shall meet and confer with the disclosing party on the scope and nature of the Confidential Information. Notwithstanding any agreement among the parties, the party seeking to file a Confidential Document under seal bears the initial burden of filing the required motion under BLR 5005-6(b)(5) and BLR 5005-7(d).

13.    A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated

by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

14.     If a party contends that any material designated as Confidential Information is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-one (21) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

15.     As long as any challenge to the designation of material as Confidential Information is pending, all challenged documents shall be treated as Confidential Information and shall be subject to the provisions hereof unless and until one of the following occurs:

(a)     the party or non-party asserting that the material is Confidential Information withdraws such designation in writing; or

(b)     the party or non-party asserting that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c)     the Court rules the material is not confidential.

16.     All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this Case, unless otherwise agreed to or ordered otherwise by the Court. Upon conclusion of the Case, a party in the possession of Confidential Information so designated by another party, other than that which is contained in pleadings, court filings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this Case to counsel for the party or non-party who provided such

information, or (b) destroy such documents within an agreed upon time period with counsel for the party who provided the information and certify in writing within thirty (30) days thereafter that the documents have been destroyed.

17.     The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

18.     Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by any applicable privilege or work product protection.

19.     Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to all of the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

20.     Debtor's counsel will serve a copy of this Order on the United States Trustee, counsel for Bank of Hawaii, First Hawaiian Bank, American Savings Bank, and Hydra BV, LLC, Meridian Pacific Holdings, LLC, and Python Financial Solutions, Inc., and all those who filed notices of appearance in the lead jointly administered case within three (3) days of entry.

###END OF ORDER###

-10-

**Reviewed by and consented to by the following parties:**

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

/s/ Ceci Christy
Ceci Christy, Ga. Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
cchristy@rlkglaw.com
*Attorneys for Debtors*


**KILPATRICK TOWNSEND & STOCKTON LLP**

/s/ Paul M. Rosenblatt
Paul M. Rosenblatt
Georgia Bar No. 614522
1100 Peachtree Street, NE, Suite 2800
Atlanta, GA 30309
(404) 815-6321
prosenblatt@ktslaw.com
*Attorneys for First Hawaiian Bank*

**ALSTON & BIRD LLP**

/s/ Leah Fiorenza McNeill
Leah Fiorenza McNeill
Georgia Bar No. 940554
1201 West Peachtree Street, 49th Floor
Atlanta, GA 30309
(404) 881-7822
Leah.McNeill@alston.com
*Attorneys for Bank of Hawaii*

**GEBHARDT & SMITH LLP**

/s/ Keith M. Lusby
Keith M. Lusby
Maryland Bar No. 05596
One South Street, Suite 2200
Baltimore, MD 21202
(302) 295-5028
klusby@gebsmith.com
*Attorneys for Hydra BV, LLC, Meridian Pacific Holdings, LLC, and Python Financial Solutions, Inc.*

-12-

**STEINFELD & STEINFELD, P.C.**

/s/ Shayna M. Steinfeld
Shayna M. Steinfeld
Georgia Bar No. 622895
11B Lenox Pointe NE
Atlanta, GA 30324
(404) 495-0740
shayna@steinfeldlaw.com
*Attorneys for American Savings Bank*


**POLSINELLI PC**

*/s/* Ashley Champion
Ashley Champion
Georgia Bar No. 423962
1201 West Peachtree Street NW
Suite 100
Atlanta, Georgia 30309
(404) 253-6075
*Attorneys for SWCPT HI KAUANOE LLC*

**EXHIBIT "A"**

**CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order ("**Order**") dated _____, in *In re Waikoloa Village Lofts West, LLC, et al.*, Case No. 26-20761-JRS (U.S. Bankruptcy Court for the Northern District of Georgia, Gainesville Division) ("**Case**"). I have been given a copy of the Order and have read it.  I agree to be bound by the Order.  I will not reveal the Confidential Information to anyone, except as allowed by the Order.  I will maintain all such Confidential Information—including copies, notes, or other transcriptions made therefrom—in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this Case, I will return the Confidential Information, including copies, notes or other transcriptions made therefrom, to the counsel who provided me with the Confidential Information.  I hereby consent to the jurisdiction of the United States Bankruptcy Court for the Northern District of Georgia, Gainesville Division for the purpose of enforcing the Order.

DATE: _____

SIGNATURE: _____

PRINT NAME: _____