**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO. 26-20761-JRS** |
| **WAIKOLOA VILLAGE LOFTS WEST, LLC., *ET AL.*,** | **CHAPTER 11** |
| **DEBTORS.**[1] | **WAIPAHU PROPERTIES, LLC**<br>**WAIPAHU, LLC**<br>**WILLOW PLAZA, LLC** |
| | **JOINTLY ADMINISTERED** |

**DEBTORS' EXPEDITED SECOND MOTION TO EXTEND THE EXCLUSIVE PERIODS DURING WHICH DEBTORS MAY FILE AND SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN**

The above-captioned nineteen (19) debtors and debtors-in-possession (collectively, "**Debtors**") hereby file this expedited second motion (the "**Motion**"), pursuant to § 1121(d) of the Bankruptcy Code, for entry of an order extending the time within which Debtors may file and solicit acceptances of a chapter 11 plan. In support of this Motion, Debtors respectfully state as follows:

**STATUS OF THE CASE**

1. Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") on May 14, 2026 (the "**Petition Date**").

2. No creditors' committee has been appointed in these cases and no trustee or examiner has been appointed. Debtors remain debtors in possession.

---

[1] The non-operating Debtors are **5425 PAU A LAKA, LLC, FLETCHER K, LLC, GARY L. PINKSTON, HAWAII REAL ESTATE DEVELOPMENT, LLC, KUKUIULA VISTAS, LLC, MP ELK GROVE, LLC, MP ELKO II, LLC, MP KAUAI HH DEVELOPMENT FUND, LLC, MP KAUAI QOZ FUND, LLC, MP MODESTO, LLC, TC CLOVIS, LLC, THE GARY & JANICE PINKSTON FAMILY TRUST, WAIKOLOA VILLAGE HOTEL CWS, LLC, WAIKOLOA VILLAGE HOTEL HIE, LLC,** and **WAIKOLOA VILLAGE LOFTS SOUTH, LLC.**

3. Debtors filed their first *Expedited Motion to Extend the Exclusive Periods During which Debtors May File and Solicit Acceptances of a Chapter 11 Plan* [Doc. No. 144] (the "**First Extension Motion**") on August 27, 2026. On September 4, 2026, the Court entered an Order approving the Motion extending Debtors' exclusive periods to November 10, 2026 and January 9, 2027 [Doc. No. 155] (the "**First Extension Order**").

4. The Court is aware of the complicated matter of these cases.

5. Debtor Gary L. Pinkston and the Gary & Janice Pinkston Family Trust are borrowers on loans with Meridian Pacific Holdings, LLC, Hydra BV, LLC, and Python Financial, Solutions, Inc. (collectively, "**Meridian Parties**"). The remaining Debtors are the guarantors on one or more of the loans.

6. The Meridian Parties filed forty-seven (47) proofs of claim over the nineteen (19) cases. Debtors filed three substantial adversary proceedings asserting their objections to the claims.

7. The Meridian Parties filed a nondischargeability adversary proceeding against Debtor Gary L. Pinkston.

8. Debtor Gary L. Pinkston filed an adversary proceeding against Century Holdings, LLC and Meridian Pacific Holdings, LLC asserting claims under § 548 and § 362 of the Bankruptcy Code.

9. Apart from the Meridian Parties, Debtors also have significant secured and unsecured debt.

10. Debtors have drafted plans and are prepared to file those plans on November 10, 2026, the first extended exclusivity date.

11. The Meridian Parties have requested that Debtors not file the plans at this time, but seek to extend the exclusive periods for filing plans and soliciting acceptances of same for thirty

(30) days, in order for Debtors and the Meridian Parties, through counsel, to engage in negotiations to resolve the issues between them during the 30-day period.

12. Debtors have agreed to seek an extension of the exclusivity periods for thirty (30) days for the purpose of negotiating with the Meridian Parties.

13. Debtors and the Meridian Parties also have agreed to file amended scheduling orders in the adversary proceedings extending the discovery periods by sixty (60) days, if needed.

14. Other non-debtor matters pending in Fairfax County, Virginia are being extended or reset as necessary.

15. Given Debtors and the Meridian Parties' desire to resolve the claims and issues between them, Debtors will not file their plans of reorganization on November 10, 2026. The 30-day extension will allow the parties to reach a resolution and for Debtors to edit their plans to include the terms of any settlement.

**JURISDICTION, VENUE, and STATUTORY PREDICATES**

16. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

17. The statutory predicate for the relief requested is § 1121(d) of the Bankruptcy Code.

**RELIEF REQUESTED**

18. By this Motion, Debtors request entry of an order under Bankruptcy Code § 1121(d) extending the periods within which only Debtors may file a chapter 11 plan and solicit acceptances thereof by an additional thirty (30) days. Unless extended, Debtors' Plan Period and Solicitation Period (each as defined below, and together, the "**Exclusivity Periods**") will expire on November

10, 2026 and January 9, 2027, respectively. Debtors seek to extend the Plan Period through and including December 10, 2026 and February 9, 2027, respectively, without prejudice to Debtors' right to seek further extensions of both periods. This request is Debtors' second for an extension of the Exclusivity Periods.

## Basis for Relief

19. Bankruptcy Code § 1121(b) provides for an initial 120-day period after the Petition Date within which a debtor has the exclusive right to file a chapter 11 plan of reorganization (the "**Plan Period**"). Bankruptcy Code § 1121(c) further provides for an initial 180-day period after the Petition Date within which a debtor has the exclusive right to solicit and obtain acceptances of a plan filed by the debtor during the Plan Period (the "**Solicitation Period**").

20. Under Bankruptcy Code § 1121(d), the Court may extend the Exclusivity Periods for cause. Specifically, Bankruptcy Code § 1121(d)(1) provides: "[O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause . . . increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1). Courts have identified several key factors relevant to a determination of whether cause exists under Bankruptcy Code § 1121(d), including the following:

a the size and complexity of the case;

b the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information,

c the existence of good faith progress toward reorganization;

d the fact that the debtor is paying its bills as they become due;

e whether the debtor has demonstrated reasonable prospects for filing a viable plan;

f whether the debtor has made progress in negotiations with its creditors;

g the amount of time which has elapsed in the case;

h whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

i whether an unresolved contingency exists.

*See In re Adelphia Commc'ns Corp.,* 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *see also In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *In re Borders Grp., Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011); *In re Cent. Jersey Airport Servs.*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *cf. Geriatrics Nursing Home, Inc. v. First Fid. Bank, N.A. (In re Geriatrics Nursing Home, Inc.)*, 187 B.R. 128, 132-33 (D.N.J. 1995) ("The opportunity to negotiate its plan unimpaired by competition . . . is meant to allow the debtor time to satisfy . . . creditors and win support for its restructuring . . . and thus ensure its survival as a business.").

21. Not all the above factors are relevant in every case, and courts use only the relevant subset of factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case. *See, e.g., In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (relying on two factors in holding that cause exists to extend exclusivity); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100-01 (Bankr. E.D. Tex. 1996) (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that debtor showed "cause" to extend exclusivity based on three of the factors).

22. Debtors are granted such extensions in light of the particular circumstances of a case to provide adequate opportunity to develop a plan of reorganization. *See, e.g., In re Dendreon Corp.*, Case No. 14-12515 (LSS) (Bankr. D. Del. April 10, 2015) (granting an initial 110-day extension of the exclusive periods); *In re Savient Pharm., Inc.*, Case No. 1312680 (MFW) (Bankr. D. Del. Feb. 21, 2014) (granting an initial 90-day extension of the exclusive periods); *In re NE Opco, Inc.*, Case No. 13-11483 (CSS) (Bankr. D. Del. Oct. 30, 2013) (granting an initial 90-day extension of the exclusive periods); *In re Exide Techs.*, Case No. 13-11482 (KJC) (Bankr. D. Del. Oct. 15, 2013) (granting an initial 235-day extension of the exclusive filing period and a 229-day extension of the exclusive solicitation period); *In re Yarway Corp.*, Case No. 1311025 (BLS) (Bankr. D. Del. Aug. 16, 2013) (granting an initial 120-day extension of the exclusive filing period and a 121-day extension of the exclusive solicitation period); *In re LCI Holding Co., Inc.*, Case No. 12-13319 (KG) (Bankr. D. Del. Apr. 5, 2013) (granting an initial 143-day extension of the exclusive periods).

23. In evaluating whether an extension under Bankruptcy Code § 1121(d) is warranted, courts are given maximum flexibility to review the particular facts and circumstances of each case. *See First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986) ("Section 1121(d) provides the Bankruptcy Court with flexibility to either reduce or increase the period of exclusivity in its discretion."); *In re Borders Grp., Inc.*, 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996) ("[A]pplying the 'flexibility' in dealing with the question of extension of exclusivity which the cases suggest . . . we hold that debtor has shown cause for the extension . . . ."); *In re Pub. Serv. Co.*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he

legislative intent . . . [is] to promote maximum flexibility . . . ."); H.R. Rep. No. 95-595, at 232 (1977), *reprinted in*_1978 U.S.C.C.A.N. 5963, 6191 ("[T]he bill allows the flexibility for individual cases that is unavailable today.").

24. The facts and circumstances of these Chapter 11 cases warrant the requested extension of the Exclusivity Periods. Allowing Debtors and the Meridian Parties an opportunity to participate in meaningful settlement negotiations will benefit Debtors and all creditors if a resolution is reached given the complexities of these cases.

25. The request for an extension will not unfairly prejudice or pressure Debtors' other creditors or grant Debtors any unfair bargaining leverage. Debtors need creditor support to confirm any plan, so Debtors are in no position to impose or pressure its creditors to accept unwelcome plan terms. *See* 11 U.S.C. § 1129(a)(10) (plan confirmation requires accepting impaired class of creditors). Debtors seek an extension of the Exclusivity Periods to advance and exit the cases.

26. Given the consequences for Debtors' estates if the relief requested herein is not granted and the progress made to date, the requested extension of the Exclusivity Periods will not prejudice the legitimate interests of any party in interest in this case. Rather, the extension will further Debtors' efforts to preserve value and avoid unnecessary and wasteful litigation.

## Reservation of Rights

27. Debtors reserve all rights to request further extensions of the Exclusivity Periods as necessary and appropriate.

## Conclusion

WHEREFORE, Debtors respectfully request that this Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: November 2, 2026

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Ceci Christy*
Ceci Christy
Georgia Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
cchristy@rlkglaw.com
*Attorneys for Debtors*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**WAIKOLOA VILLAGE LOFTS WEST, LLC., *ET AL.*,**<br><br>**DEBTORS.**[1] | **CASE NO. 26-20761-JRS**<br><br>**CHAPTER 11**<br><br>**WAIPAHU PROPERTIES, LLC**<br>**WAIPAHU, LLC**<br>**WILLOW PLAZA, LLC**<br><br>**JOINTLY ADMINISTERED** |

**ORDER GRANTING EXPEDITED SECOND MOTION TO EXTEND THE EXCLUSIVE PERIODS DURING WHICH DEBTORS MAY FILE AND SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN**

Upon consideration of the second motion (the "**Motion**")[2] of Debtors for entry of an order under Bankruptcy Code § 1121(d) extending the Debtors' exclusive period to file a chapter 11 plan and to solicit votes to approve a chapter 11 plan (the "**Exclusivity Periods**"); and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and this Court having determined that the relief sought in the Motion is in the best interests of Debtor's estate, its creditors, and all parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

[1] The non-operating Debtors are **5425 PAU A LAKA, LLC, FLETCHER K, LLC, GARY L. PINKSTON, HAWAII REAL ESTATE DEVELOPMENT, LLC, KUKUIULA VISTAS, LLC, MP ELK GROVE, LLC, MP ELKO II, LLC, MP KAUAI HH DEVELOPMENT FUND, LLC, MP KAUAI QOZ FUND, LLC, MP MODESTO, LLC, TC CLOVIS, LLC, THE GARY & JANICE PINKSTON FAMILY TRUST, WAIKOLOA VILLAGE HOTEL CWS, LLC, WAIKOLOA VILLAGE HOTEL HIE, LLC,** and **WAIKOLOA VILLAGE LOFTS SOUTH, LLC.**

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Code § 1121(d), no party, other than Debtors, may file any chapter 11 plan from the date hereof through and including **December 10, 2026**.

3. Pursuant to Bankruptcy Code § 1121(d), no party, other than Debtors, may solicit votes to accept a proposed chapter 11 plan filed with this Court during the period from the date hereof through and including **February 9, 2027.**

4. Nothing herein shall prejudice Debtors' right to seek further extensions of the Exclusivity Periods consistent with Bankruptcy Code § 1121(d).

5. This Order shall be effective and enforceable immediately upon entry hereof.

6. Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

8. Counsel for Debtors shall, within three (3) days of the entry of this Order, cause a copy of this Order to be served by first class mail, postage prepaid, on all parties on the mailing matrix, and shall file promptly thereafter a certificate of service confirming such service.

### END OF ORDER ###

**Prepared and presented by:**

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Ceci Christy*
Ceci Christy, Ga. Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329 (404)
584-1238 Telephone
cchristy@rlkglaw.com
*Attorneys for Debtor*

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing pleading on the following parties through the Court's ECF system:

- **Meredith Laughlin Allen** mlallen@mcguirewoods.com, choward@mcguirewoods.com;sburdette@mcguirewoods.com;mkrizan@mcguirewoods.com;usdocket@mcguirewoods.com;jbroadway@mcguirewoods.com
- **Brian C. Aton** baton@phrd.com
- **Brian C. Aton** baton@phrd.com
- **Johnathan Bolton** jbolton@goodsill.com, mana_pacer@goodsill.com
- **AnnaClaire Bowman** abowman@rlkglaw.com
- **Christian James Bromley** christian.bromley@bclplaw.com, christian-bromley-7106@ecf.pacerpro.com
- **Jennifer R Burbine** jburbine@mcguirewoods.com, mwalton@mcguirewoods.com,usdocket@mcguirewoods.com
- **Enrique Jose Chaljub Garcia** enrique.chaljub@alston.com
- **Ashley Champion** achampion@polsinelli.com, vpreciado@polsinelli.com;atldocketing@polsinelli.com
- **Ceci Christy** cchristy@rlkglaw.com, wgeer@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;dsideris@rlkglaw.com;lmassey@rlkglaw.com
- **Rebecca A. Davis** rebecca.davis@saul.com
- **Marguerite Lee DeVoll** mdevoll@watttieder.com, mlindau@watttieder.com;jkneeland@watttieder.com
- **John D. Demmy** john.demmy@saul.com, robyn.warren@saul.com
- **Jamie Dreher** jdreher@downeybrand.com, cdeulloa@downeybrand.com
- **William A. DuPre** Bill.DuPre@millermartin.com, lisa.brown@millermartin.com
- **Raquel Felix** bkecfnotices@hillwallack.com
- **William B. Freeman** bill.freeman@katten.com
- **Kathleen G. Furr** kfurr@bakerdonelson.com, smeadows@bakerdonelson.com;ali.lowe@bakerdonelson.com
- **Will B. Geer** wgeer@rlkglaw.com, dsideris@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;lmassey@rlkglaw.com;cwilliams@rlkglaw.com;ecf_emails@rlkglaw.com
- **Andrew D. Gleason** agleason@lrglaw.com
- **Casey Grabenstein** casey.grabenstein@saul.com, cindy.oswald@saul.com;litigationdocketing@saul.com
- **James Taylor Heidelbach** jheid@gebsmith.com
- **J. Hayden Kepner** hkepner@swlawfirm.com, rwilliamson@swlawfirm.com;centralstation@swlawfirm.com;fharris@swlawfirm.com;aray@swlawfirm.com;mlevin@swlawfirm.com
- **Darryl S. Laddin** bkrfilings@agg.com, darryl.laddin@agg.com;deborah.shallcross@agg.com

- **Matthew W. Levin** mlevin@swlawfirm.com, fharris@swlawfirm.com;centralstation@swlawfirm.com;rwilliamson@swlawfirm.com;aray@swlawfirm.com;hkepner@swlawfirm.com
- **Keith M. Lusby** klusby@gebsmith.com
- **Gary W. Marsh** gary.marsh@troutman.com, wlbank@troutman.com
- **Leah Fiorenza McNeill** leah.mcneill@alston.com
- **Evelyn J. Meltzer** evelyn.meltzer@troutman.com, wlbank@troutman.com
- **Arlen P. Moradi** arlen.moradi@katten.com
- **Renee Morgan** rmorgan@wnpllp.com, brobinson@wnpllp.com;bdavis@wnpllp.com;dphillips@wnpllp.com;cwright@wnpllp.com;nathan@wnpllp.com
- **G. Frank Nason** fnason@lcenlaw.com, emiller@lcenlaw.com;emiller_169@ecf.courtdrive.com;fnason@ecf.courtdrive.com
- **Paul M. Rosenblatt** prosenblatt@kilpatricktownsend.com, ecfnotices@ktslaw.com;moroberts@ktslaw.com
- **William A. Rountree** wrountree@rlkglaw.com, 6717577420@filings.docketbird.com;wgeer@rlkglaw.com;2836@notices.nextchapterbk.com;willgeer@ecf.courtdrive.com;emillerrlkg@ecf.courtdrive.com;dsideris@rlkglaw.com;cwilliams@rlkglaw.com;chudson@rlkglaw.com
- **Cuyler Shaw** cshaw@awlaw.com, sakamine@awlaw.com
- **Scott M. Shaw** sshaw@ehhlaw.com, kshelton@ehhlaw.com
- **Jennifer L. Shelfer** jennifer.shelfer@agg.com, jennifershelfer@gmail.com
- **Zachary K. Shikada** zks@ksglaw.com
- **Craig Shikuma** cshikuma@ksglaw.com
- **Clayton Alan Smith** clayton.smith@millermartin.com, lisa.brown@millermartin.com,terrie.wimberly@millermartin.com
- **Shayna M. Steinfeld** shayna@steinfeldlaw.com, paralegalnotices@gmail.com
- **Graham H. Stieglitz** gstieglitz@burr.com, ngolay@burr.com
- **Alexa Stinson** alexa.stinson@padgettlawgroup.com, BKecf@padgettlawgroup.com;Andrea.Betts-Whalen@padgettlawgroup.com
- **Martin Taylor** marty.taylor@bclplaw.com, marty-taylor-5681@ecf.pacerpro.com
- **Paige Noelle Topper** paige.topper@saul.com
- **David S. Weidenbaum** david.s.weidenbaum@usdoj.gov
- **Dante Wen** dwen@ktslaw.com
- **J. Robert Williamson** rwilliamson@swlawfirm.com, centralstation@swlawfirm.com;aray@swlawfirm.com;hkepner@swlawfirm.com;fharris@swlawfirm.com;mlevin@swlawfirm.com

This 2nd day of November 2026.

*/s/ Ceci Christy*
Ceci Christy
Georgia Bar No. 370092