**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| IN RE:<br><br>Waikoloa Village Lofts West, LLC, *et al*.,<br><br>Debtors,<br><br>Bank of America, N.A.,<br><br>Movant,<br><br>v.<br>MP Elk Grove, LLC,<br><br>Respondents. | CHAPTER 11<br><br>CASE NO. 26-20761-jrs<br><br>***Jointly Administered***<br><br>**CONTESTED MATTER** |

**MOTION OF BANK OF AMERICA, N.A., FOR FED. R. CIV. P. 37(D) SANCTIONS**

Bank of America, N.A. (the "**Bank**") files this Motion for Fed. R. Civ. P. 37(d) Sanctions, as incorporated by Fed. R. Bankr. P. 7037 and in compliance with B.L.R. 7037-1, and in support shows the following:

## INTRODUCTION

1.

MP Elk Grove intentionally failed and refused to respond at all to Bank of America's First Interrogatories and Requests for Production of Documents. This discovery simply asked for facts and evidence supporting the Debtor's opposition to the Bank's Motion for Relief from Stay [Doc. 153] filed so as to exercise its rights as a secured creditor over a certain property consisting of 63.14 acres in Sacramento, California called Triangle Point owned by MP Elk Grove, LLC. The Debtor persisted in its complete, stonewalling refusal even after the Bank sent an email

providing ample additional time and opportunity for the Debtor to cure its failure to respond and provide support for its opposition to the stay relief sought by the Bank. For these reasons, the Court should award sanctions under Fed. R. Civ. P. 37(d) providing a favorable inference and rebuttable presumption in the Bank's favor that the Bank's prima facie burden in favor of stay relief has been met, that whatever facts and evidence the Debtor would have provided in response to the Bank's discovery would have supported the Bank's entitlement to stay relief.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

2.

On September 2, 2026, the Bank filed its Motion for Relief from Stay [Doc. 153], seeking to enforce its rights as a secured creditor. Specifically, the Bank extended a term loan to MP Elk Grove, LLC in the original principal amount of $10,770,000.00 as provided by the Loan Agreement dated as of July 27, 2022, as amended by Amendment 1 to the Loan Agreement dated as of August 1, 2023, by Amendment 2 to the Loan Agreement dated as of October 31, 2024, and by Amendment 3 to the Loan Agreement dated as of August 1, 2025. The Bank's loan is secured by a first priority security title and interest in certain undeveloped commercial real estate located in Sacramento, California generally known as "Triangle Point 75" ("**Triangle Point**").

3.

Prior to the Petition Date, Debtors defaulted under the terms of the Loan Documents by, among other things, failing to make payments as and when due. Debtors have not made any payments to the Bank since July 24, 2025, more than a year ago.

4.

Also prior to the Petition Date, MP Elk Grove informed the Bank that it had entered into a contract for sale of Triangle Point for a price and on terms and conditions which, if the sale

closes, are expected to fully repay the Bank loan.

5.

During the pendency of the Debtors' bankruptcies, MP Elk Grove has continued to assert to the Bank that a sale motion will be forthcoming. While the Debtors filed a Motion to Sell on October 23, 2026 [Doc. 191] seeking to sell, in part, Triangle Point, the Bank still seeks significant information relevant to its security interest and the viability of the sale.

6.

According to the Debtors' DIP Financing Motion, MP Elk Grove, LLC, without the Bank's knowledge or consent, become a purported co-borrower with MP Elko II LLC, and 5425 Pau A Laka LLC, under an alleged 2023 Amendment to and Complete Restatement of Security Agreement dated December 29, 2023, by and between American Savings Bank, N.A., as Secured Party, and MP Elk Grove LLC, 5425 Pau A Laka LLC, MP Elko II, LLC, MP Financial Group, Ltd. and Kauai Hale, Inc., potentially without receiving anything of reasonably equivalent value in return. This raised further questions as to the Bank's secured interest.

7.

In need of information MP Elk Grove had proven unable or unwilling to provide, and to support its Motion for Relief from Stay, the Bank served MP Elk Grove with discovery requests on September 2, 2026. True and correct of the Bank's discovery requests[1] are attached as **Exhibit "A"**.

8.

On October 3, 2026, at 12:18 AM, Debtors' counsel emailed responses to the Bank's Requests for Admissions. No responses to the Interrogatories or Requests for Production were

---

[1] Because the ground for this Motion is the opposing party's failure to respond, the movant "need attach copies of the discovery requests only." B.L.R. 7037-1(b). The Bank moves only with regard to the Interrogatories and Requests for Production contained in Exhibit A, which MP Elk Grove did not respond to.

provided.

9.

On October 6, 2026, the Bank's counsel acknowledged receipt of the responses to the requests for admission, asked for clarification as to certain denials apparently at odds with the record, and, after noting that objections had been waived due to non-response, asked that the Debtor provide verified, truthful and complete responses no later than October 15, 2026, failing which the Bank would seek appropriate relief from the court. This correspondence was a good faith attempt to resolve this dispute, and a genuine copy of this correspondence is attached as **Exhibit "B"**.

10.

Despite counsel's acknowledgement of this good faith attempt to resolve this dispute, MP Elk Grove has not produced any written responses to the Bank's Interrogatories or Requests for Production or produced any responsive documents.

**LAW AND ARGUMENT**

11.

"The court where the action is pending may, on motion, order sanctions if: . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii).

12.

Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).[2] Instead of or

[2] Rule 37(b)(2)(A)(i)—(vi) includes: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the

in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Further, "a court has broad discretion in fashioning an appropriate sanction, including the discretion to proceed with a trial and give an adverse inference instruction." *In re Pittman*, No. 03-90154-MGD, 2004 WL 5848054, at *5 (Bankr. N.D. Ga. Dec. 22, 2004). A total failure and refusal to respond obviates the need for the movant to first obtain an order compelling discovery. *See* 8B Fed. Prac. & Proc. Civ. § 2291 (3d ed.) ("No court order is required to bring Rule 37(d) into play."); *Jordan v. City of Atlanta*, No. 1:20-CV-4567-VMC-JCF, 2022 WL 22866919, at *3 (N.D. Ga. Apr. 25, 2022).

13.

MP Elk Grove completely failed to serve any answers, objections, or written responses to the Bank's Interrogatories or Requests for Production. Nor have they produced any responsive documents, and the time to do so has expired.

14.

The Bank's Interrogatories asked for information related to:

(a) MP Elk Grove's provision of adequate protection to the Bank;

(b) whether MP Elk Grove's case should be classified as a single asset real estate case under 11 § U.S.C. 362 (d)(3);

(c) whether MP Elk Grove received reasonably equivalent value or other consideration in exchange for becoming obligated to debts owed by the other Debtors;

---

action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(d) the management of MP Elk Grove during the bankruptcy; and

(e) MP Elk Grove's defenses to the Bank's Motion for Relief.

15.

The Bank's Requests for Production asked for documents containing information related to:

(a) the purported sale of Triangle Point;

(b) the MP Elk Grove Estate has not filed a plan of reorganization within 90 days of the petition date, let alone a plan that has a reasonable possibility of being confirmed within a reasonable time;

(c) whether MP Elk Grove received reasonably equivalent value or other consideration in exchange for becoming obligated to debts owed by the other Debtors; and

(d) MP Elk Grove's defenses to the Bank's Motion for Relief.

16.

This unprovided information requested is vital to the Bank's ability to support its Motion for Relief, set for hearing on December 1, 2026.

17.

MP Elk Grove's complete failures to respond and produce came despite the good faith efforts of the Bank's counsel to seek complete responses, even after the expiration of MP Elk Grove's deadlines under the Federal Rules.

18.

Cause exists for the Court to issue sanctions under Rule 37, including but not limited to directing that MP Elk Grove receive an adverse inference for each subject covered by the Bank's unanswered discovery requests at the hearing on the Bank's Motion. Importantly the Bank does

not seek more severe sanctions that might be appropriate in other instances, such as striking pleadings, entry of default judgment, etc. The Bank instead merely seeks an inference that will still permit the Debtor to support its opposition to stay relief with facts and admissible evidence, if the Debtor has any. The Bank respectfully submits however that the Debtor's complete failure and refusal to respond at all demonstrates that the Debtor has no such facts or evidence. The relief the Bank seeks is therefore reasonable, proportional, supported under the Federal Rules of Discovery and consistent with the Federal Rules of Evidence. *In Matter of Martin*, 542 B.R. 612, 616 (Bankr. N.D. Ga. 2015) (discussing role of and considerations for imposing sanctions); *In re Pittman*, 2004 WL 5848054, at *5. The Bank will submit a proposed Order further specifying the appropriate relief sought by this motion.

19.

Cause further exists for ordering the payment of the Bank's attorneys' fees incurred in bringing this motion. Fed. R. Civ. P. 37(d)(3).

20.

For these reasons and others to be shown at an evidentiary hearing on this motion, this Court should grant the Bank sought.

**WHEREFORE**, the Bank prays that the Court:

(a) direct that MP Elk Grove receive an adverse inference for each subject covered by the Bank's unanswered discovery requests at the hearing on the Bank's Motion for Relief from the Automatic Stay;

(b) order the payment of the Bank's attorneys' fees incurred in bringing this motion pursuant to Fed. R. Civ. P. 37(d)(3); and

(b) grant the Bank such other and further relief as is just.

Respectfully submitted this 2nd day of November, 2026.

**MILLER & MARTIN PLLC**

*/s/ William A. DuPre, IV*
William A. DuPré, IV
Georgia Bar No. 234882
bill.dupre@millermartin.com
Clayton A. Smith
Georgia Bar No. 196303
clayton.smith@millermartin.com
Suite 2100
1180 West Peachtree Street NW
Atlanta, Georgia 30309
(404) 962-6100
(404) 962-6300 (Facsimile)

*Attorneys for Bank of America, N.A.*

**CERTIFICATE OF SERVICE**

This is to certify that on this 2nd of November, 2026, a true and correct copy of the foregoing was served via the Court's electronic case filing system (CM/ECF) to all parties registered to receive such notice in the above-captioned case.

*/s/ William A. DuPre, IV*
William A. DuPre, IV