**IT IS ORDERED as set forth below:**

**Date: November 4, 2026**

**James R. Sacca**
**U.S. Bankruptcy Court Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 11 |
| **GARY L. PINKSTON**, | : | CASE NO. **26-20761**-JRS |
| Debtor. | : | |
| — — — — — — — — — — — | : | — — — — — — — — — — — |
| AMERICREDIT FINANCIAL SERVICES, INC. DBA GM FINANCIAL, | : | |
| Movant, | : | CONTESTED MATTER |
| v. | : | |
| GARY L. PINKSTON, | : | |
| Respondent. | : | |

**CONSENT ORDER**

This matter came on for hearing October 27, 2026 on the *Motion for Relief from*

*Automatic Stay* (the "Motion") filed October 9, 2026, by Americredit Financial Services, Inc. dba GM Financial (the "Movant")(Doc. No. 179). Movant claims a security interest in Debtor's vehicle: 2021 CHEVROLET SILVERADO (the "Collateral"). Movant, by counsel, filed a Certificate of Service and contends proper service of the Motion. Movant and Debtor announced that they would present this Consent Order to provide adequate protection to the Movant, in the absence of which the Movant's interest in the Collateral would not be adequately protected. Good cause having been shown, it is hereby ORDERED:

1. Debtor shall cure the arrearage of $7,721.52 by making six (6) monthly payments of $1,286.92 directly to Movant, beginning November 21, 2026 through April 21, 2027;

2. Debtor shall maintain contractual payments of $1,286.92 commencing on November 21, 2026, continuing each month thereafter by the 21st of the month until payments begin under the terms of the confirmed Chapter 11 plan. Movant is not restricted from objecting to the Chapter 11 plan once filed; and

3. Debtor shall maintain full coverage comprehensive and collision insurance covering the Collateral and listing Movant as loss payee until the underlying debt is paid in full.

IT IS HEREBY ORDERED

4. If the Debtor fails to comply with paragraphs 1, 2, or 3 of this order (hereinafter the “Delinquency”) for the life of the case, then Movant is authorized to provide Debtor and Debtor’s counsel with notice to cure the default(s) within ten (10) calendar days of the date of

the notice. If the default(s) is not cured within the ten (10) day period, Movant is authorized to file a Delinquency Motion for Relief from Stay, supported by an affidavit detailing the default(s), with service of same upon Debtor and Debtor's counsel. In such event, Movant is authorized to present an Order for relief from the automatic stay, and the Court may enter such Order vacating the automatic stay imposed under 11 U.S.C. Section 362 in both this instant case and in Debtor Gary Pinkston's jointly administered Chapter 11 bankruptcy case, Case 26-20779-JRS, without further notice or hearing so as to allow Movant to recover and dispose of the Collateral and to apply the net proceeds generated therefrom to its claim in this case with excess funds, if any, to be turned over to the Debtor. In such event, Rule 4001(a)(4) will be waived in both bankruptcy cases.

**[END OF DOCUMENT]**

PREPARED and PRESENTED BY:
The Law Office of
LEFKOFF, RUBIN, GLEASON &
RUSSO & SMITH P.C.
Attorneys for Movant

By: ______/s/___________
Philip L. Rubin
Ga. State Bar No. 618525
5555 Glenridge Connector, Suite 900
Atlanta, Georgia 30342
(404) 869-6900
prubin@lrglaw.com

CONSENTED TO:
Attorney for Debtor
By: /s/____ *with express permission*
Cecil Christy
Ga. State Bar No. 370092

Rountree Leitman Klein & Geer, LLC
2987 Clairmont Rd, Ste 350
Atlanta, GA 30329

**DISTRIBUTION LIST**

Philip L. Rubin, Esq.
Lefkoff, Rubin, Gleason, Russo & Williams, P.C.
5555 Glenridge Connector
Suite 900
Atlanta, Georgia 30342

Gary L. Pinkston
20 Tamalpais Avenue
Tiburon, CA 94920

Ceci Christy
Rountree Leitman Klein & Geer, LLC
2987 Clairmont Rd, Ste 350
Atlanta, GA 30329

David S. Weidenbaum
Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303